# Wentworth *v.* Whitney, Appellant.

*Contract—Master and servant—Theatrical employment—Omission of performance.*

A contract of theatrical employment provided for weekly payments with deductions only " for any nights or days on which the party of the second part may not be able to perform or sing, through illness or other unavoidable cause, or at such time that the company may not be giving performances." In an action for a breach of the contract it appeared that a performance was omitted for one evening in a certain week, owing to the absence of performers whose place could not be supplied. The absence of these performers was not the fault of either the plaintiff or the defendant. The defendant made a deduction from plaintiff's salary for the omitted performance, although plaintiff was ready and willing to play her part. *Held,* that such deduction was not justified by the contract.

Argued Dec. 16, 1903. Appeal, No. 67, Oct. T., 1903, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1902, No. 581, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Estelle Wentworth v. Fred C. Whitney. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*F. S. Drake,* with him *John Weaver,* for appellant,

*P. C. B. O'Donovan*, for appellee.

OPINION BY SMITH, J., March 14, 1904:

The plaintiff contracted to perform and sing " whenever and wherever required in the United States and Canada, as the party of the first part (the defendant) may require, during the theatrical season of 1902–3, commencing on or about the first day of October, 1902." In pursuance of this contract, she played with the defendant's company at Baltimore during portions of October and November, 1902. At the time for the performance to begin, on the evening of November 3, the plaintiff was present and ready to go on with her part; but the defendant decided to have no performance, and dismissed the audience. On settling with the plaintiff for the week, the defendant deducted from her salary the proportion for that evening, on the ground that it had not been earned, as no performance had been given.

The contract provides for weekly payments, with deductions only " for any nights or days on which the party of the second part (the plaintiff) may not be able to perform or sing, through illness or other unavoidable cause, or at such times that the company may not be giving performances." As the plaintiff was not absent, there could be no deduction on that score. Neither was the occasion one of " such times that the company may not be giving performances." The company had been giving performances, as set forth in the affidavit of defense, " during the latter part of October and early part of November," and it appears from the declaration, and is not denied by the defendant, that these performances were given, at least, throughout the week beginning November 3, except on the evening of that day.

The defendant alleges that the failure to give a performance on the evening of November 3 was because of the absence of certain members of the company, whose places could not at the moment be supplied, and that he was not informed of such absence until after eight o'clock. This, however, is not alleged to have been the fault of the plaintiff, and there is nothing in the contract that subjects her to the loss of the evening's compensation for such a reason. Neither, indeed, does the failure appear to have been the fault of the defendant,—assuming that the performance could not have been successfully given without

the absent members of the company, or one of them ; which, though not directly averred, may fairly be implied from the language of the affidavit. But the rights of the parties are fixed by their contract, and nothing therein provides for relieving the defendant from a loss due to the omission of a performance from such a cause, and placing it on the plaintiff. If the business conditions under which the contract was to be performed were such as justly to require a deduction from the plaintiff's salary on an occasion of this kind, it should have been " so nominated in the bond." But as the contract between them authorizes no such deduction, none can be enforced.

Judgment affirmed.